**STATE of Missouri, Plaintiff–Appellant,**

v.

**Douglas R. WILBUR, Defendant–Appellant.**

**No. 21769.**

Missouri Court of Appeals,
Southern District,
Division One.

July 10, 1998.

Douglas R. Wilbur, Springfield, pro se.

David M. Grace, Asst. Pros. Atty., Barry County, Cassville, for Respondent.

PREWITT, Presiding Judge.

Following non-jury trial, Defendant was convicted of passing bad checks, in violation of Section 570.120, RSMo 1994. He was sentenced to one year in the county jail with all but thirty days to be suspended. On appeal, he contends that the trial court erred in allowing trial to proceed without him having counsel, as he had not knowingly and intelligently waived the right to be represented by an attorney.

■ This point has merit. The record shows that on the day of trial Defendant appeared without an attorney and, after the case was called, executed the waiver of counsel form provided by Section 600.051, RSMo 1994. Neither then nor previously does the record reflect any warning or advice regarding the perils of a person representing himself. In *State v. Wilkerson*, 948 S.W.2d 440, 445 (Mo.App.1997), the Court stated:

> In determining whether the waiver of counsel is knowing and intelligent, the trial court is not only required to resolve the application of § 600.051, it must also determine whether the defendant was advised of the perils of self-representation. [Citations omitted.]

■ This advice must be given on the record before the trial date, to allow defendant time to choose whether to waive the right to an attorney. *State v. West*, 949 S.W.2d 914, 915 (Mo.App.1997). *See also State v. Schnelle*, 924 S.W.2d 292, 296–300 (Mo.App.1996); *State v. Wilson*, 816 S.W.2d

301, 307 (Mo.App.1991). The right to counsel exists when the defendant may be incarcerated if found guilty. *State v. Kilburn,* 941 S.W.2d 737, 739 (Mo.App.1997); *State v. Stark,* 706 S.W.2d 899, 901 (Mo.App.1986). Whether or not indigent, the defendant must be admonished on the perils of self-representation. *Kilburn,* 941 S.W.2d at 739.

■ In an apparent effort to rectify this discrepancy, the State attempts to present us with a transcript in another criminal charge against Defendant, where on June 3, 1997, sixteen days before the trial here, a different trial judge is purported to have advised Defendant regarding proceeding without counsel. This purported transcript is attached as an "exhibit" to the State's brief. As this is not part of the record here and in the trial court, it cannot be considered. *See Olson v. Christian County,* 952 S.W.2d 736, 738 (Mo. App.1997).

The judgment is reversed and the cause remanded for further proceedings.

CROW and PARRISH, JJ., concur.