**CITY OF ST. PETERS, Respondent,**

v.

**Brian T. HODAK, Appellant.**

**No. ED 81885.**

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 20, 2004.

Benicia Baker–Livorsi, St. Charles, MO, for appellant.

Matthew E.P. Thornhill, Asst. Prosecutor for City of St. Peters, St. Charles, MO, for respondents.

MARY R. RUSSELL, Judge.

Brian Hodak ("Appellant") appeals from the judgment entered on the jury verdict convicting him of resisting arrest. He alleges four points of error including that his conviction should be overturned because he executed a waiver of counsel form absent disclosure on the record of the perils of self-representation. We agree. We reverse and remand for a new trial.

Appellant was charged with resisting arrest and third degree assault by Uniform Complaint and Summons in St. Peters. At a bench trial in the municipal division, Appellant was acquitted of the assault charge, but was found guilty of resisting arrest and was fined $150. He filed a timely application for trial de novo in circuit court, and his case was assigned to the Honorable Jon Cunningham. Appellant signed a written waiver of counsel form on July 29, 2002, and the cause was tried before a jury on August 27, 2002. The jury found him guilty, and he was ultimately sentenced to 90 days in jail and a $50 fine. Appellant was pro se at all times prior to this appeal.

Appellant alleges four points of error. First, he argues that the circuit court lacked subject matter jurisdiction to hear the trial de novo because the municipal division did not render a judgment as required by the trial de novo statute. In his second point, Appellant argues that the circuit court's judgment was void for juris-

dictional defects in that the matter was not properly assigned to Judge Cunningham. Appellant's third point argues that his waiver of counsel was insufficient in that it was made without disclosure on the record. Appellant's final point challenges the sufficiency of the evidence to sustain his conviction for resisting arrest. Because we find Appellant's third point to be dispositive, we address it first.

In *Argersinger v. Hamlin,* the United States Supreme Court extended the constitutional right to counsel to all offenses for which imprisonment may be imposed. 407 U.S. 25, 39, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972). It explained the purpose of this rule, stating, "every judge will know when the trial of a misdemeanor starts that no imprisonment may be imposed, even though local law permits it, unless the accused is represented by counsel." *Id.* at 40, 92 S.Ct. 2006. This rule is intended to ensure that the judge "will have a measure of the seriousness and gravity of the offense and therefore will know when to name a lawyer to represent the accused before trial starts." *Id.*

Rule 37.50 expands upon the general rule, stating, in pertinent part:

> If any person charged with an ordinance violation, whose conviction would likely result in confinement, shall be without counsel upon his first appearance before a judge, it shall be *the duty of the judge to advise him* of his right to counsel, and of the willingness of the judge to appoint counsel to represent him if he is unable to employ counsel. Upon a showing of indigency, it shall be the duty of the judge to appoint counsel to represent the defendant.

Rule 37.50 (emphasis added).

The court is relieved of its duty to appoint counsel, however, where it finds that defendant has willingly, knowingly, and intelligently waived his right. Rule 37.50. In Missouri, a defendant's waiver is not knowing and intelligent unless the court timely informs him "as to the nature of the charges against him, potential sentences if convicted of the offenses, potential defenses he can offer, the nature of the trial proceedings, the fact that, if the defendant refuses counsel, [he] will be required to proceed [pro se] and the dangers of proceeding [pro se]." *State v. Schnelle,* 924 S.W.2d 292, 293 (Mo.App. 1996). Section 600.051 RSMo 2000 [1] allows a defendant to execute a written waiver of counsel, however, the court's duty to the defendant is not extinguished merely by the signing of the form. *State v. Wilbur,* 976 S.W.2d 15, 15 (Mo.App. 1998). Rather, the court must advise the defendant of the perils of self-representation on the record "before the trial date, to allow defendant time to choose whether to waive the right to an attorney." *Id.* (internal citations omitted). Furthermore, we have stated that "[a]n accused should not be deemed to have waived the assistance of counsel until the entire process of offering counsel has been completed and a thorough inquiry into the accused's comprehension of the offer and capacity to make the choice intelligently and understandably has been made." *State v. Watson,* 687 S.W.2d 667, 669 (Mo.App.1985). In *Watson,* we further held:

> A judge must make a penetrating and comprehensive examination in order to properly assess that the waiver was made knowingly and intelligently. The defendant should be made aware of the dangers and disadvantages of self-representation, so that the *record will establish* that 'he knows what he is doing and his choice is made with eyes open.'

*Id.* (internal citations omitted.)

A review of the record demonstrates only the waiver of counsel form which both

---

**1.** All further statutory references are to RSMo 2000 unless otherwise indicated.

Appellant and Judge Cunningham signed. The record is devoid, however, of the court's searching inquiry into the validity of the waiver that is required. Although the record reveals that the waiver form was signed approximately one month before trial, there was no record of a hearing accompanying it that would give context to the circumstances under which the form was signed or indicate that the court advised Appellant of his constitutional right.

■ St. Peters argues that the signed waiver of counsel form should be dispositive of the validity of Appellant's waiver. We disagree. Waiver is permitted where the "court first determines that defendant has made a knowledgeable and intelligent waiver of the right to assistance of counsel." Section 600.051. As a practical matter, this determination must be based upon inquiry conducted on the record so there is evidence that a defendant understood the ramifications of the waiver. Because this is a matter of constitutional right, a simple waiver of counsel form, without a record of hearing, is insufficient. The burden to prove that a waiver of counsel is valid belongs to the state. *State v. Kilburn,* 941 S.W.2d 737, 739 (Mo.App.1997). St. Peters has not met its burden because we have no evidence that the court fulfilled its duty. Absent searching inquiry on the record to determine the validity of the waiver, the imposition of jail time is unconstitutional. Appellant's point is granted.

■ We address next Appellant's first point as it may be raised if this case is appealed again. He asserts that the circuit court lacked subject matter jurisdiction over his trial de novo because the municipal court did not render a "judgment." He argues that our Supreme Court requires that judgments be denom-

inated as such in order to comply with Rule 74.01. *City of St. Louis v. Hughes,* 950 S.W.2d 850, 852–53 (Mo.1997). This argument is misplaced. *Hughes* was reviewing a civil matter—a suit to enjoin a public nuisance. *Id.* at 851. The Court cited RSMo 512.020 (1994) which describes the right to appeal "any judgment from any trial court in any *civil* cause" and further relied on Rule 74.01 to reach its conclusion. 950 S.W.2d at 852 (emphasis added).

■ Proceedings in municipal court are quasi-criminal in nature. *St. Louis County v. Afshari,* 938 S.W.2d 303, 305 (Mo. App.1997). Rule 37 governs such proceedings, and Rule 37.64 states, in pertinent part, that a judgment of conviction "shall set forth the plea, the verdict or findings, and the adjudication and sentence." Rule 37.01; 37.64. Here, a review of the record indicates that each of the required elements of Rule 37.64 was present in the municipal court's sentence and verdict. The applicable rules contain no requirement that the word "judgment" appear on judgments of conviction in municipal court.

Rule 74.01, which was cited in *Hughes* and Appellant now asks us to apply, is a civil rule and does not extend to the quasi-criminal proceedings in municipal court. Rules 41 through 101 govern civil proceedings. Rule 41.01. Consequently, Rule 74.01 does not apply to municipal violations. Rule 37 governs these cases. The rules of civil procedure therefore do not apply to Appellant's case. We find no error and find that the judgment of conviction at the municipal court was a final and appealable judgment. Point denied.

In light of our decision, there is no need to consider Appellant's remaining points.

We reverse the judgment of conviction and remand for a new trial de novo consistent with this opinion.

GARY M. GAERTNER, SR., and ROBERT G. DOWD, JR., concur.