**STATE of Missouri, Respondent,**

v.

**James Lee HULL, Appellant.**

**No. ED 83594.**

Missouri Court of Appeals,
Eastern District,
Division Four.

June 29, 2004.

James E. Carmichael, St. Charles, MO, for appellant.

Brady Austin, Assistant Prosecuting Atty., Troy, MO, for respondent.

PATRICIA L. COHEN, Judge.

James Lee Hull ("Defendant") appeals from the judgment of the Circuit Court of Lincoln County entered after a jury convicted him of two counts of third degree assault and one count of second degree property damage. Defendant represented himself at trial. On appeal, Defendant contends that his waiver of counsel was ineffective because the trial court failed to advise him of the consequences of proceeding to trial without legal counsel and likewise failed to make an adequate record regarding Defendant's alleged waiver of counsel. Defendant also contends that the State's failure to comply with Missouri Rules of Civil Procedure 23.01(e) and 25.03(A)(1) constituted fundamental unfairness and surprise and affected the outcome of trial. Further, Defendant contends that the trial court abused its discretion by failing to sanction the State or order a continuance when the State failed to comply with discovery rules regarding the disclosure of witnesses. We reverse and remand.

The State charged Defendant with two counts of third degree assault and one count of second degree property damage as the result of an incident on June 10, 2001. Defendant allegedly acted in concert with another to cause physical injury to two victims by beating them and damaging one of the victim's mobile homes.

Defendant appeared, without counsel, on March 11, 2003, for arraignment on the charges and the cause was set for trial. On March 11, 2003, Defendant was instructed to execute a waiver of counsel form. Thereafter, Defendant executed the waiver of counsel form. The court did not, at any time prior to trial, conduct an inquiry on the record to ensure that Defendant understood his rights and the ramifications of the waiver.

On April 9, 2003, Defendant filed a request for continuance and asked for a jury trial. Trial was initially set for July 25, 2003 and then was rescheduled for August 13, 2003. On August 13, 2003, Defendant appeared for trial without counsel. Immediately prior to trial, the State asked leave to endorse as a witness the detective who took Defendant's confession after the alleged assaults and alleged property damage took place. The trial court granted the State's request over Defendant's objections.

After the trial court allowed the State to endorse the detective as a witness, Defendant stated that he would like to "invoke [his] Sixth Amendment right and seek counsel." The State argued that trial should proceed because a jury had been impaneled and was waiting outside the courtroom. Defendant renewed his request for counsel several times stating that he viewed the detective as a hostile wit-

ness. The trial court denied Defendant's repeated requests to seek an attorney stating that the record did not reflect any other requests for counsel other than the Defendant's request made the morning of trial. Defendant again renewed his request for counsel. The trial judge denied Defendant's renewed request.

After a one-day jury trial, Defendant was convicted of all three charges. On September 23, 2003, the trial judge sentenced Defendant to eight months in jail and $1,500.00 in fines. This appeal followed.

■ In his first point, Defendant contends that his waiver of counsel was insufficient because although he executed a waiver of counsel form, the trial court failed to inform him, on the record, of the "perils of self-representation." *City of St. Peters v. Hodak*, 125 S.W.3d 892, 894 (Mo. App. E.D.2004). The burden is on the State to prove that a waiver of counsel is valid. *Id.* at 895. The State filed a memorandum with the Court conceding that the trial court failed to advise Defendant of the "perils of self-representation" as required under *City of St. Peters v. Hodak* and *State v. Watson*, 687 S.W.2d 667 (Mo. App. E.D.1985). The State further requested that the Court reverse the trial court's judgment and remand for a new trial.[1]

In light of *City of St. Peters v. Hodak*, we reverse the trial court's judgment and remand for a new trial.

BOOKER T. SHAW, P.J., and
LAWRENCE G. CRAHAN, J., Concurs.

---

1. Because Defendant's first point is dispositive, we need not consider Defendant's remaining points.