STATE of Missouri, Respondent,

v.

Gary W. BLACK, Appellant.

No. SC 87785.

Supreme Court of Missouri,
En Banc.

May 29, 2007.

Rosemary E. Percival, Kansas City, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Shaun J. Mackelprang, Asst. Atty. Gen., Jefferson City, for Respondent.

WILLIAM RAY PRICE, JR., Judge.

### INTRODUCTION

In 1999, Gary W. Black was convicted of first-degree murder and sentenced to death. His conviction and death sentence were affirmed on direct appeal. *State v. Black,* 50 S.W.3d 778 (Mo. banc 2001). On appeal from the denial of Rule 29.15 postconviction relief, this Court reversed. *Black v. State,* 151 S.W.3d 49 (Mo. banc 2004). On remand in 2006, Black was again convicted of first-degree murder and sentenced to death. Black appeals his conviction. This Court has exclusive jurisdiction of the appeal. Mo. Const. art. V, sec. 3. The judgment of the trial court is reversed and the case is remanded.

### FACTS

On October 2, 1998, Black drove with his girlfriend, Tammy Lawson, to a Snak–Atak convenience store in Joplin, Missouri. Lawson went inside to shop while Black stayed in the car. When Lawson returned from shopping, she told Black that she was upset because she felt that a man in the store, Jason Johnson, had acted inappropriately towards her. Black in turn followed Johnson's vehicle with his own, an altercation ensued, and Johnson was killed. A more detailed account of the facts surrounding Johnson's death may be found in this Court's prior decision. *See Black,* 151 S.W.3d at 51–54. However, for purposes of this appeal, it is only necessary to recite the following facts:

On January 5, 2005, Black's case was reopened after being remanded by this Court. The first document filed after remand was a handwritten motion by Black that requested that he be allowed to represent himself "pursuant to *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975)." Along with this motion, he filed a pro se motion for discovery. Five days later, he filed a more detailed motion in which he again requested that he be allowed to proceed without counsel. In this motion, he alleged that he "unequivocally, intelligently, and voluntarily desired to represent himself." He further alleged that he understood the case, the consequences of self-representation, and that he would be bound to the same rules as an attorney. He cited *Faretta* for the proposition that his right to represent himself is fundamental.

On February 16, 2005, these motions were overruled as "moot," to be raised after the appointment of counsel. On February 23, Black wrote a letter to the trial court emphasizing that Black did not request or want counsel appointed to represent him, that he desired to proceed *pro se,* and that his right to so proceed was fundamental under *Faretta.*

On March 15, Black filed yet another motion requesting that appointed counsel be dismissed and that Black be allowed to represent himself. In this motion Black asserted that he "does not request, apply for, desire, or even wish to be represented by legal counsel." He alleged that he "fully understands the legal consequences of self-representation." He further alleged that his request was timely and voluntary. He again asserted that his right to represent himself was fundamental, citing *Faretta,* and that the denial of this

right denied him meaningful access to the court, citing *Bittick v. State*, 105 S.W.3d 498, 503–504 (Mo.App.2003). This motion was overruled the following day without explanation.

Sometime prior to October 15, Black filed a sworn complaint with the Office of Chief Disciplinary Counsel regarding his appointed counsel's handling of his case. Then, on October 15, he filed a motion to dismiss his assigned counsel, alleging that the resulting investigation created a conflict of interest that his counsel failed to report to the court. He requested an evidentiary hearing on the motion. On October 18, the trial court overruled his motion. In doing so, the following colloquy occurred:

> COURT: ... Mr. Black, it appears to me that assigned counsel are working diligently on your behalf. They have the benefit of law degrees and experience in criminal cases. It seems to the Court that you're much better served by having counsel than not having counsel. And so for that reason I'm going to overrule the motion. If you want to retain counsel of your choosing, why the Court would permit you to do that. But in the absence of retained counsel, the Court thinks you're better served by having capable counsel. The Court will make a docket entry simply overruling that motion.

> MR. BLACK: In other words, you don't think I'm qualified to represent myself, Your Honor?

> COURT: That's true. I think you're less qualified than your attorney. As far as I know you have not been to law school and have not defended criminal cases, you're not licensed to practice law, and so I would assume that as-

signed counsel is more capable than you of representing you.

On April 18, 2006, during the last pre-trial hearing before trial, Black asked to make a record:

> BLACK: At this time I'd like to renew my motion for leave to proceed pro se and inform the Court that I'm fully aware that I won't receive no special treatment, that I'm bound to the same rules and policies that would apply to appointed counsel. That by doing so that I waive my right to the appointment of counsel. And in doing so I waive any right I might have to a claim of ineffective assistance of counsel during the course of this trial.

> COURT: The record will so note. The Court is of the firm opinion that because you're not a practicing attorney and because you have capable and experienced counsel available at no expense to you that your request will be denied.

On May 1, 2006, Black's trial began. He was convicted of first degree murder under section 565.020.[1]

### APPELLANT'S POINT ON APPEAL

Black asserts that "[t]he trial court erred in appointing counsel and in summarily overruling Black's repeated, timely, and unequivocal requests to proceed *pro se* because the rulings deprived Black of his right to self-representation and to present *his* defense, as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Sections 10 and 18(a) of the Missouri Constitution, in that Black made a knowing, voluntary, and intelligent waiver of the right to counsel and should have been allowed to proceed *pro se*." (emphasis in original).

1. All statutory references are to RSMo 2000, unless otherwise noted.

## DISCUSSION

### I.

#### a.

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the assistance of counsel for his defence." U.S. Const. amend. VI. In *Faretta v. California*, the United States Supreme Court recognized that the federal Sixth Amendment right to counsel "implicitly embodies a correlative right to dispense with a lawyer's help." *Faretta v. California*, 422 U.S. 806, 814, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). "The language and spirit of the Sixth Amendment contemplate that counsel, like the other defense tools guaranteed by the Amendment, shall be an aid to a willing defendant—not an organ of the State interposed between an unwilling defendant and his right to defend himself personally." *Id.* at 820, 95 S.Ct. 2525. "To thrust counsel upon the accused, against his considered wish, thus violates the logic of the Amendment." *Id.* The right of self-representation so implied into the Sixth Amendment is applicable to the states by way of the Due Process Clause of the Fourteenth Amendment, and prevents a state from forcing upon a defendant unwanted counsel. *Id.* at 836, 95 S.Ct. 2525.[2]

Denial of a defendant's right to self-representation is considered structural error. *See Washington v. Recueno*, —— U.S. ——, 126 S.Ct. 2546, 165 L.Ed.2d 466 (2006); *Neder v. United States*, 527 U.S. 1, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999); *Johnson v. United States*, 520 U.S. 461, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997). "Since the right of self-representation is a right that when exercised usually increases the likelihood of a trial outcome unfavorable to the defendant, its denial is not amenable to 'harmless error' analysis. The right is either respected or denied; its deprivation cannot be harmless." *McKaskle v. Wiggins*, 465 U.S. 168, 177, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984). There is no discretion for a trial court to force an attorney upon a competent defendant who makes a timely, unequivocal, voluntary and informed waiver of the right to counsel. *State v. Hampton*, 959 S.W.2d 444, 447 (Mo. banc 1997).

There are four requirements for a defendant seeking to waive his right to counsel and proceed pro se. A defendant's invocation of the right must be made unequivocally and in a timely manner, and the corresponding waiver of counsel must be knowing and intelligent. *Id.*

#### b.

Because a defendant who is allowed to proceed pro se may argue on appeal that his right to counsel was improperly denied, ambiguous requests are not sufficient to assert the right. *Hampton*, 959 S.W.2d at 447. "The probability that a defendant will appeal either decision of the trial judge underscores the importance of requiring a defendant who wishes to waive his right to counsel to do so explicitly and unequivocally." *Id.* (quoting *Hamilton v. Groose*, 28 F.3d 859, 863 (8th Cir.1994)). Similarly, a defendant must assert the right in a timely manner. *See United States v. Brown*, 744 F.2d 905, 908 (2d Cir.1984), *cert. denied*, 469 U.S. 1089, 105 S.Ct. 599, 83 L.Ed.2d 708 (1984).

#### c.

"When an accused manages his own defense, he relinquishes, as a purely

---

2. The Missouri Constitution provides that "in criminal prosecutions the accused shall have the right to appear and defend, in person and by counsel." Mo. Const. art. I, sec. 18(a). Based upon this provision, Missouri recognized the right to self-representation. *State v. Warren*, 321 S.W.2d 705, 710 (Mo.1959).

factual matter, many of the traditional benefits associated with the right to counsel. For this reason, in order to represent himself, the accused must 'knowingly and intelligently' forgo those relinquished benefits." *Faretta*, 422 U.S. at 835, 95 S.Ct. 2525.[3] Whether a defendant's waiver is made knowingly and intelligently depends on the particular facts and circumstances surrounding the case, including the background, experience, and conduct of the accused. *State v. Hunter*, 840 S.W.2d 850, 858 (Mo. banc 1992).

> In Missouri, a defendant's waiver is not knowing and intelligent unless the court timely informs him as to the nature of the charges against him, potential sentences if convicted of the offenses, potential defenses he can offer, the nature of the trial proceedings, [and] the fact that, if the defendant refuses counsel, he will be required to proceed pro se and the dangers of proceeding pro se.

*City of St. Peters v. Hodak*, 125 S.W.3d 892, 894 (Mo.App.2004) (internal citations and quotation marks omitted).

## II.

### a.

◼ An examination of the record leaves no doubt that Black asserted his right both unequivocally and in a timely manner. Black made his desire to represent himself known to the trial court no less than five times. In February 2005, over a year before the beginning of his trial, Black filed two motions with the court requesting that he be allowed to represent himself. He followed these up with a letter to the judge that emphasized

his desire to represent himself. All of these requests cited *Faretta* for the proposition that his right to represent himself was fundamental. In March 2005, he filed another motion requesting that his appointed counsel be dismissed and that he be allowed to proceed pro se. Finally, at the last pretrial hearing, Black asked the trial court a final time to honor his wish to represent himself. Because Black requested leave to proceed pro se at least five different times beginning over a year before his trial, his requests were made both timely and unequivocally.

### b.

◼ The state argues that because appointed defense counsel did not object, Black's claim of error was not preserved. This argument is antithetical to the right of self-representation. Black himself made clear his position—he did not want an attorney to represent him. Having unequivocally demanded to proceed pro se, the exercise of his right to do so cannot be dependent upon the renewal of that position by the very counsel he sought to dismiss. Similarly, a defendant does not need to endlessly renew his position or object to the presence of counsel. After Black's unequivocal and timely assertion of his right was clearly rejected, he was not required to "make fruitless motions or forego cooperation with defense counsel to preserve the issue on appeal." *United States v. Arlt*, 41 F.3d 516, 523 (9th Cir. 1994).

## III.

### a.

This is undoubtedly a difficult issue for our trial courts. The record reveals the

---

**3.** Although the test is generally stated as requiring that the waiver must be "knowing and intelligent," in other formulations it is "knowing, intelligent, and voluntary." Regardless of the precise formulation, the requirements for accepting a defendant's waiver ... are the same, and voluntariness is often an unstated or assumed prerequisite. *United States v. Erskine*, 355 F.3d 1161, 1168 (9th Cir.2004).

trial judge's concern for Black regarding his intention to represent himself. In overruling Black's motions, the court stated:

> Mr. Black, it appears to me that assigned counsel are working diligently on your behalf. They have the benefit of law degrees and experience in criminal cases. It seems to the Court that you're much better served by having counsel than not having counsel. And so for that reason I'm going to overrule the motion. If you want to retain counsel of your choosing, why the Court would permit you to do that. But in the absence of retained counsel, the Court thinks you're better served by having capable counsel. The Court will make a docket entry simply overruling that motion.

> \* \* \* \* \*

> That's true. I think you're less qualified than your attorney. As far as I know you have not been to law school and have not defended criminal cases, you're not licensed to practice law, and so I would assume that assigned counsel is more capable than you of representing you.

> \* \* \* \* \*

> The Court is of the firm opinion that because you're not a practicing attorney and because you have capable and experienced counsel available at no expense to you that your request will be denied.

The trial judge's unquestionably good advice to Black, however, is not the standard against which Black's motion must be ruled. As previously stated, the standard is whether Black's assertion of his right to self-representation was unequivocal and timely and whether he has made the deci-

sion to waive counsel knowingly and intelligently.

**b.**

 In this case the record failed to establish that Black's waiver was not intelligent and knowing. It is well established that a defendant's "technical legal knowledge, as such, [is] not relevant to an assessment of his knowing exercise of the right to defend himself." *Faretta,* 422 U.S. at 836, 95 S.Ct. 2525. *See also Godinez v. Moran,* 509 U.S. 389, 400, 113 S.Ct. 2680, 125 L.Ed.2d 321 (1993) ("[w]hile it is undeniable that in most criminal prosecutions defendants could better defend with counsel's guidance than by their own unskilled efforts, a criminal defendant's ability to represent himself has no bearing upon his competence to choose self-representation."). It was error for the trial court to refuse to honor Black's requests to represent himself simply because it felt that his attorneys could do better. The error is structural and unfortunately the case must be remanded for a new trial. *McKaskle,* 465 U.S. at 177, 104 S.Ct. 944.

**IV.**

 The decision whether to allow a criminal defendant to waive the right to counsel and exercise the right of self-representation is one of the most sensitive rulings required of a trial court. It is likely that a defendant convicted of a serious crime will appeal either decision of the court. A thorough evidentiary hearing must support the trial court's ruling upon a defendant's timely and unequivocal request to proceed pro se. It is not possible to come up with a rigid procedure or "script." However, there are certain areas of inquiry that should be explored on the record to ensure that a defendant's waiver is knowing and intelligent.[4]

---

4. Inquiry into whether waiver of counsel is knowing and intelligent is required only

**156**

■■■■■■■■■■■■■■■■■■■

■■ First, a trial court should inquire into the defendant's capacity to make an intelligent decision and his knowledge of his own situation. This does not mean that the defendant must be as legally competent as an attorney. *Godinez*, 509 U.S. at 400, 113 S.Ct. 2680 (the level of competency required to represent oneself is merely that required to stand trial). Rather, the court should ensure that the defendant is not acting under duress, does not suffer from a mental incapacity, is literate and is minimally familiar with the trial process, including possible defenses to the crime charged, the different phases of trial, objection procedure and the elements of the crime charged.

■■ In addition to ensuring that the defendant is mentally competent and understands the nature of the proceedings, the court should also make certain that the defendant understands the possible penalties if convicted. *City of St. Peters*, 125 S.W.3d at 894.

■■ Trial courts should also be sure that the defendant understands exactly what rights and privileges he is waiving, as well the dangers associated with waiving constitutional rights. *Faretta*, 422 U.S. at 835, 95 S.Ct. 2525. In this regard, the court should first ensure that the defendant understands that he has the right to counsel, including appointed counsel if he is indigent. If the defendant chooses to continue, the court should advise him generally that it is usually a mistake to proceed without a lawyer and then specifically warn him about the dangers and repercussions of that decision. For a more detailed discussion of this issue, see William A. Knox, 19 Mo. Practice: Criminal Practice and Procedure section 6.5 at 215–17 (3d

where the defendant has a Sixth Amendment right to counsel. *See, e.g., Alabama v. Shelton*, 535 U.S. 654, 122 S.Ct. 1764, 152 L.Ed.2d 888 (2002); *Scott v. Illinois*, 440 U.S.

ed.2006); Missouri Bench Book—Criminal section 32.4 (2002).

In capital cases where the defendant insists on representing himself, standby counsel should usually be appointed.

### *CONCLUSION*

The judgment is reversed and the case is remanded for a new trial.

All concur.

367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979); *Argersinger v. Hamlin*, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972).