**Aaron M. LETTERMAN, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. SD 31394.**

Missouri Court of Appeals,
Southern District,
Division Two.

June 25, 2012.

Matthew Ward, Columbia, MO, for Appellant.

Chris Koster, Attorney General, & Jessica P. Meredith, Asst. Atty. Gen., for Respondent.

DANIEL E. SCOTT, Judge.

Aaron Letterman was accused of entering a woman's tent, seeking sex, then hatcheting her to death. Sixty days before trial, against all advice and having no complaint about his lawyer, Letterman insisted on waiving counsel and going to trial *pro se:*[1]

> THE COURT: All right. Now, I've gathered from what you said that the problem is not Mr. Huffman specifically as an attorney but, rather, just that you would rather represent yourself than have any attorney represent you. Would that be correct?
>
> [LETTERMAN]: Yes, sir.

---

1. Letterman had the right to represent himself upon a timely, unequivocal, voluntary, and informed waiver of counsel. *See State v.* *Black,* 223 S.W.3d 149, 153 (Mo. banc 2007) (citing *Faretta v. California,* 422 U.S. 806, 814, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975)).

THE COURT: So its not a problem with Mr. Huffman?

[LETTERMAN]: No.

THE COURT: Now, we talked about last time, too, that old saying about if you represent yourself, you have a fool for a client. Have you thought about that, as well?

[LETTERMAN]: Unfortunately, sir, I believe I am that fool.

One business day before trial, Letterman changed his mind and asked the court to "bring Stuart Huffman back as counsel." Admirably, Huffman obliged.[2] Letterman entered open *Alford*[3] pleas (second-degree murder and armed criminal action) a few days later and received consecutive sentences of life and 30 years.

Letterman sought Rule 24.035 relief, claiming Huffman was ineffective. The motion court ruled otherwise after an evidentiary hearing.

## Principles of Review

■ We review for clear error, reversing only if we firmly and definitely believe a mistake was made. *See Chaney v. State*, 223 S.W.3d 200, 206 (Mo.App. 2007). Ineffective assistance of counsel is immaterial unless it affects the knowing and voluntary nature of these guilty pleas. *Id.* As with any guilty plea, these *Alford* pleas are valid if they represent a voluntary, intelligent choice among courses of action available to Letterman. *Id.* We defer to the trial court's determination whether Letterman's guilty pleas were voluntary. *Id.*

## Analysis

■ Letterman says he entered pleas because Huffman predicted the maximum punishment and consecutive sentences if the case was tried, and saw guilty pleas as Letterman's only chance for a better result. Letterman calls it "improper" for Huffman to say this because it left Letterman "feeling that he had no choice, but to plead guilty."

■ We disagree. Our observations in *Chaney* also fit this case:

It is the duty of counsel to advise a client of the possible consequences of trial so that the client may make an informed decision as to whether to accept or to reject a plea agreement. It appears Mr. Berrigan advised Movant of the ramifications of proceeding to trial; of the probability that he would be convicted; and of the likelihood that he would receive the death penalty. Sound advice by counsel does not constitute coercion merely because it is unpleasant to hear.

223 S.W.3d at 207 (citations and quotation marks omitted).

The motion court credited testimony that Huffman told Letterman "if he had a trial, most likely, he would get the maximum," and "if he entered an Alford plea of guilty, he would have a chance of something lower," but that Huffman never promised Letterman a lower sentence.[4] The motion court did not clearly err in rejecting Letterman's claim based on this evidence and a record that reflects a know-

---

2. Huffman had previously been in the case for almost two years. He knew the facts, had discussed various defense theories with Letterman, and had continued to assist Letterman while the latter was *pro se*.

3. *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

4. Letterman's suggestion that Huffman misunderstood concurrent sentencing finds no support in the record and was not raised in the post-conviction motion. We do not consider it further.

ing and voluntary entry of guilty pleas after Letterman and Huffman discussed Letterman's options and their likely outcomes.

### Conclusion

Having no good options, Letterman chose what he and Huffman considered the lesser of two evils. That he still got the sentences he hoped to avoid did not render the plea involuntary or mean that Huffman was ineffective. Letterman's sole point fails. Judgment affirmed.

JEFFREY W. BATES and WILLIAM W. FRANCIS, JR., JJ., CONCURS.