STATE of Missouri, Plaintiff-Respondent,

v.

Justin W. GRANT, Defendant-Appellant.

No. SD 34692

Missouri Court of Appeals,
Southern District,
Division One.

Filed: Jan. 30, 2018

CASEY A. TAYLOR, Columbia, Mo, for Appellant.

DARA LINDSAY, Springfield, Mo, for Respondent.

DON E. BURRELL, J.

Justin W. Grant ("Defendant") was convicted after a bench trial of the class-A misdemeanor of domestic assault in the third degree and sentenced to 180 days in jail.[1] In two points, Defendant claims the

---

1. *See* section 565.074. All statutory references are to RSMo 2000 unless otherwise indicated. All rule references are to Missouri Court Rules (2017).

trial court: (1) "abused its discretion in overruling [Defendant]'s objections and admitting into evidence [his wife]'s out-of-court statements through the testimony of Officer Wright, because the admission of the statements violated [Defendant]'s right to confront and cross-examine the witnesses against [Defendant]"; and (2) "erred in allowing [Defendant] to represent himself because this denied [Defendant] his rights to counsel and due process" in that Defendant's "purported waiver of counsel was not voluntary, unequivocal, knowing and intelligent[.]"

Finding merit in Defendant's second claim, we must reverse his conviction and remand the matter for a new trial.

### Governing Law & Applicable Principles of Review

■ "The burden to prove that a waiver of counsel is valid belongs to the state." *City of St. Peters v. Hodak*, 125 S.W.3d 892, 895 (Mo. App. E.D. 2004). "If the record does not disclose that the defendant's waiver of his right to counsel was a knowing and intelligent one, the presumption arises that it was not." *State v. Davis*, 934 S.W.2d 331, 334 (Mo. App. E.D. 1996). In determining whether a waiver of the right to counsel was made knowingly and intelligently, our review is *de novo.* *State v. Johnson*, 328 S.W.3d 385, 394 (Mo. App. E.D. 2010).

### Analysis

*Point 2–The Record Does Not Demonstrate that Defendant's Waiver of Right to Counsel Was Made Knowingly and Intelligently*

■ Because Defendant's second point is dispositive, we address it first. The Sixth Amendment and Fourteenth Amendment guarantee the right to counsel in all criminal prosecutions. *Gideon v. Wainwright*, 372 U.S. 335, 339-42, 83 S.Ct. 792,

9 L.Ed.2d 799 (1963). However, a defendant may waive his right to counsel and proceed *pro se.* *State v. Ehnes*, 930 S.W.2d 441, 443 (Mo. App. S.D. 1996). Such a waiver must be: (1) timely; (2) unequivocal; (3) knowing; and (4) intelligent. *State v. Black*, 223 S.W.3d 149, 153 (Mo. banc 2007).

■ A determination of whether a knowledgeable and intelligent waiver has been made must be supported by an inquiry conducted on the record so there is evidence demonstrating that the defendant understood the ramifications of the waiver. *Hodak*, 125 S.W.3d at 895. "Absent an inquiry on the record showing [that the d]efendant understood the ramification of the waiver of counsel, the imposition of jail time is unconstitutional." *State v. Johnson*, 172 S.W.3d 900, 902 (Mo. App. S.D. 2005).

■ Under Missouri law, a defendant's waiver is not knowing and intelligent unless the court timely informs him as to the nature of the charges against him, potential sentence(s) if convicted, potential defenses he might offer, nature of the trial proceedings, and dangers of proceeding *pro se. Hodak*, 125 S.W.3d at 894. A defendant's knowledge of *all* relevant facts is not required, *see State v. Gilmore*, 697 S.W.2d 172, 174-75 (Mo. banc 1985), and "[w]hether a defendant's waiver is made knowingly and intelligently depends on the particular facts and circumstances surrounding the case, including the background, experience, and conduct of the accused." *Black*, 223 S.W.3d at 154.

■ Here, the trial court received a written waiver of counsel form from Defendant. While section 600.051 allows a defendant to execute a written waiver of counsel, the State's burden of proving a knowing and intelligent waiver was not

met simply because the trial court received and reviewed that form. *See Hodak*, 125 S.W.3d at 894. Upon receiving the waiver form, the trial court made the following inquiry regarding Defendant's decision:

Q: Do you understand that you have been charged with a Class A misdemeanor of domestic assault in the third degree?

A: Yes.

Q: And that you have a right to a trial on this charge and, further, you have a right to a trial by jury on this charge?

A: Yes.

Q: And that the maximum possible sentence on this charge is one year in jail or a thousand dollar fine or both, and the minimum is no jail time or no fine?

A: Yes.

Q: Okay. And are you aware that any recommendations made by the prosecuting attorney or other prosecuting officials are not binding on me and I may or may not accept those recommendations?

A: Yes.

Q: And that if you plead guilty or you're found guilty of this charge, I'm most likely to impose a sentence of confinement?

A: Yes.

Q: And that if you're indigent and unable to employ an attorney you have a right to request that I appoint counsel to assist you in defense of this charge?

A: Yes.

Q: And that if you're convicted of this charge or a subsequent conviction for the same or similar offense, it may result in more serious punishment or other more serious consequences?

A: Yes.

Q: Okay. And understanding all of that, do you want to proceed without an attorney at this time?

A: Yes.

Q: And do you want to represent yourself on this case?

A: Yes.

THE COURT: Okay. I find that [Defendant] has knowingly, voluntarily and intelligently waived his right to counsel and I will approve the waiver of counsel.

■ While the trial court informed Defendant of the charge against him, the minimum and maximum possible sentence, and his right to a jury trial, no record was made on two items mandated by *Hodak*: Defendant was not asked about his knowledge of any possible defenses that he might pursue, and Defendant was not informed about the dangers of proceeding *pro se*.[2] Due to its absence, the State failed to overcome the presumption that Defendant's waiver of his right to counsel was not knowingly and intelligently made.[3] *See Davis*, 934 S.W.2d at 334.

---

**2.** While there is no specific litany prescribed for apprising a *pro se* defendant of the difficulty and dangers of self-representation, the defendant should be informed sufficiently to allow him to make an intelligent decision. *State v. Bilyeu*, 867 S.W.2d 646, 651 (Mo. App. S.D. 1993). We also note that Defendant was not asked about his background, level of education, and intellectual capacity.

**3.** Because the burden is upon the State—not upon the defendant or the trial court—to develop an adequate record supporting a defendant's waiver of counsel, the prosecutor must actively participate in the waiver of counsel hearing by presenting or eliciting substantial evidence supporting any requirement for a valid waiver of counsel not sufficiently addressed by the trial court.

·Defendant's second point is granted, the judgment of conviction is reversed, and the matter is remanded for a new trial.[4]

MARY W. SHEFFIELD, P.J.— CONCURS

GARY W. LYNCH, J.—CONCURS

---

**4.** Because Defendant's second point is dispositive, his first point is moot and will not be addressed.