**STATE of Missouri,**
**Plaintiff-Respondent,**

v.

**Michael L. WATSON,**
**Defendant-Appellant.**

No. 47871.

Missouri Court of Appeals,
Eastern District,
Division One.

March 12, 1985.

Robert B. Ramsey, St. Louis, for defendant-appellant.

Joseph E. Furtaw, Hillsboro, for plaintiff-respondent.

PUDLOWSKI, Presiding Judge.

This is an appeal from a conviction for the failure to register and title a motor vehicle pursuant to Section 301.020. Appellant contends, inter alia, that the trial court erred and abused its discretion by failing to adequately advise him of the consequences of proceeding to jury trial without legal counsel and by failing to make an adequate record regarding appellant's waiver of counsel. We reverse.

■ On the above state of the record, failure of appellant to include in his motion for a new trial that the trial court erred in permitting defendant to represent himself preserved nothing for appellate review. *State v. Morris*, 518 S.W.2d 78 (Mo.App. 1974). In appropriate cases, however, Rule 30.20 authorizes the court to consider plain

error even though not preserved. To invoke the plain error doctrine, it must appear that there is a sound, substantial manifestation and a clear showing that injustice or a miscarriage of justice will follow if the rule is not applied. *State v. Davis*, 566 S.W.2d 437, 447 (Mo. banc 1978).

■ The right of an accused to counsel at trial is of constitutional stature. *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). The Sixth and Fourteenth Amendments of the United States Constitution guarantee a criminal defendant in a state proceeding the right to counsel. Absent a knowing and intelligent waiver, no person may be imprisoned unless he was represented by counsel at trial. *Argersinger v. Hamlin*, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972).

■ The corollary to the above proposition is that an accused also has the constitutional right to appear *pro se* and defend himself. *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), Mo. Const. Art. 1, Sec. 18(a).

■ Where a defendant elects to proceed pro se, the record must indicate that he was offered counsel but that he voluntarily, knowingly, and intelligently rejected the offer and waived that right. An accused should not be deemed to have waived the assistance of counsel until the entire process of offering counsel has been completed and a thorough inquiry into the accused's comprehension of the offer and capacity to make the choice intelligently and understandably has been made. *Von Moltke v. Gillies*, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309 (1948). In *Von Moltke*, the plurality opinion stated at 332 U.S. 723–724, 68 S.Ct. 323:

> The constitutional right of an accused to be represented by counsel invokes, of itself, the protection of a trial court, in which the accused-whose life or liberty is at stake-is without counsel. This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused. To discharge this duty properly in light of the strong presumption against waiver of the constitutional right to counsel, *a judge must investigate as long and as thoroughly as the circumstances of the case before him demand*. The fact that an accused may tell him that he is informed of his right to counsel and desires to waive this right does not automatically end the judge's responsibility. To be valid *such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof,* and all other facts essential to a broad understanding of the whole matter. A judge can make certain that an accused's professed waiver of counsel is understandingly and wisely made *only from a penetrating and comprehensive examination of all the circumstances under which such a plea is tendered.*

(Footnote omitted. Emphasis ours).

■ A judge must make a penetrating and comprehensive examination in order to properly assess that the waiver was made knowingly and intelligently. *See United States ex rel. Martinez v. Thomas*, 526 F.2d 750, 755 (2d Cir.1975). The defendant should be made aware of the dangers and disadvantages of self-representation, so that the *record will establish* that "he knows what he is doing and his choice is made with eyes open." *Faretta*, supra at 422 U.S. 835, 95 S.Ct. 2541.

■ It must be borne in mind that in the final analysis the defendant himself is the person who stands to suffer the most from an improvident choice to reject the assistance of counsel. The free choice of a competent individual is entitled to great deference in our society; however, that individual must not be allowed to proceed in an ignorance which may cause untold harm to himself and his family, and also to the integrity of our judicial system. The trial court is charged with the function of assuring that the defendant's waiver of

counsel is made knowingly and intelligently and that the record is complete so as to reflect that waiver. *See Carnley v. Cochran,* 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962). The state has the burden to show from the record that the defendant waived his right to counsel with a clear understanding of his rights and of the consequences. *State v. Tilley,* 548 S.W.2d 199 (Mo.App.1977).

In reviewing the instant record in light of the above precepts, we conclude that the record shows that the state failed to carry its burden to adequately establish that appellant knowingly and intelligently waived his right to counsel. The only evidence adduced by the state was a form signed by appellant which listed the minimum warning required by Section 600.051. The record fails to show that the trial judge determined that the defendant made a knowledgeable and intelligent waiver and failed to inform defendant of the dangers and disadvantages of proceeding *pro se* or made inquiry into his awareness thereof. We are reluctant to hold that a specific list of inquiries must be covered in every case. *See State v. Quinn,* 565 S.W.2d 665 (Mo. App.1978.) [1] We conclude, however, that except for the unusual case, the conviction of a *pro se* criminal defendant will be vulnerable to reversal unless the trial court has closely followed a script covering the questions specified by Justice Black in *Von Multke,* supra, and our court in *Quinn* and *Tilley,* supra, and Section 600.051. We will not presume acquiescence in the deprivation of such a fundamental right, nor will waiver be presumed from the echoes of a silent record because plain error is alleged.

We must resolve the question of what relief may be accorded a *pro se* defendant upon a trial court's failure to adequately advise a defendant of the dangers and disadvantages of self-representation. Since the Supreme Court has indicated that a Sixth Amendment violation, as it implicates a substantial right of a party, cannot be harmless, *Chapman v. California,* 386 U.S. 18 at 23, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), and this proposition was forcefully affirmed in *Holloway v. Arkansas,* 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978), we find that the error was not harmless.

In reference to the case at bar, the burden is not on appellant to show that the waiver was less than knowing or intelligent; the burden is on the government to show from the record that the statements or circumstances at the time of the putative waiver demonstrate that appellant intelligently and understandingly waived the assistance of counsel. *Carnley v. Cochran,* 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962); *Tilley, supra.* The state has failed to meet its burden. We conclude that the trial court erred in failing to adequately advise the defendant of self-representation at trial and that such error in this case is plain error and that a miscarriage of justice has occurred.

Judgment reversed and remanded.

GAERTNER and KAROHL, JJ., concur.

---

1. In *Quinn,* the court, in dicta, stated that when a defendant in a criminal case informs the court that he desires to represent himself, the defendant should be advised that self-representation is unwise, that he will receive no special indulgence by the court, that he must follow the technical rules of substantive, procedure and evidentiary law, and that the prosecution will be represented by an experienced attorney. The court further stated that the trial court should make inquiry into the defendant's intellectual capacity to make an intelligent decision, should make an inquiry of his education and familiarity with legal procedures, and if there is any question as to the defendant's mental capacity, an inquiry into that should be made. The court also stated that a defendant should be made aware that he has a right to counsel at no cost if indigent, and the court should explore the nature of the proceedings and establish that the defendant knows what he is doing and his choice is made with his eyes open. And, said the court, the defendant should be informed that if there is misbehavior or trial disruption, his right of self-representation will be vacated, and he should be made aware that in spite of his efforts he cannot afterward claim inadequacy of representation. *Quinn* at 676, 677.