**STATE of Missouri, Plaintiff–Respondent,**

v.

**Cecil Clayton JOHNSON, Defendant–Appellant.**

**No. 26864.**

Missouri Court of Appeals, Southern District, Division One.

Sept. 29, 2005.

---

S. Kathleen Byrnes–Ales, Carthage, for appellant.

No brief filed by respondent.

JAMES K. PREWITT, Presiding Judge.

Cecil Clayton Johnson ("Appellant") appeals the decision of the trial court denying his request to withdraw his guilty plea entered on December 20, 2004.[1]

On July 20, 2004, Amanda Johnson filed a complaint alleging Appellant violated an *ex parte* order by entering her Neosho, Missouri home to take "food and his clothing." On August 9, 2004, Appellant was charged on these allegations. On September 21, 2004, Appellant failed to appear at a pre-trial conference, and a warrant was issued. Appellant was arrested on December 16, 2004. On December 20, 2004, Appellant waived his right to counsel and entered a plea of guilty. Appellant was sentenced to one year in the Newton County jail.[2]

On January 4, 2005, Appellant requested leave to withdraw his guilty plea on grounds that his waiver of counsel and guilty plea "were not knowingly and voluntarily entered, in that he previously invoked his right to counsel ... and had been appointed counsel to represent him." The trial court denied his request on January 18, 2005. Appellant filed Notice of Appeal on February 28, 2005.[3]

Appellant maintains that the trial court erred in denying his request because

1. The State ("Respondent") did not file a brief with this court. While no penalty is prescribed for failure to file a brief, we are required to decide the case without the benefit of that party's authorities and points of view. *State v. Berry*, 92 S.W.3d 823, 826 n. 2 (Mo.App. 2003).

2. Section 455.050.1(2), RSMo 2000, permits *ex parte* orders to protect petitioner from abuse and includes temporarily enjoining the respondent from entering the premises of the dwelling unit of the petitioner. Section 455.085.7, RSMo 2000, creates a class A misdemeanor for the violation of the terms and conditions of these protective orders if the alleged violator has not previously pleaded or been found guilty of the same offense within five years of a subsequent violation.

3. An order denying a motion to withdraw a guilty plea is an appealable order. *Hamilton v. State*, 865 S.W.2d 374, 376 (Mo.App.1993). *See also Brown v. State*, 66 S.W.3d 721 (Mo. banc 2002).

"the manner of taking his guilty plea violated [his] rights to due process and counsel, ... resulting in manifest injustice." Rule 29.07(d) provides: "A motion to withdraw a plea of guilty may be made only before sentence is imposed or when imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."

When Appellant was initially arraigned, he entered a plea of not guilty and requested a public defender. The court assigned Kathleen Byrnes–Ales, who represented Appellant at a pre-trial conference on September 7, 2004 and filed a "Request for Discovery" on September 20, 2004; one day before he failed to appear. Byrnes–Ales submitted Appellant's "Request for Leave to Withdraw Plea of Guilty" on January 3, 2005 and represents Appellant on this appeal. Section 600.044, RSMo 2000 states that a public defender who "undertakes to represent an eligible person shall continue to do so at every stage of the case or proceeding, ... until the defender is relieved of his [or her] duties by the director or is permitted by a court to withdraw." Nothing in the record indicates Appellant requested Byrnes–Ales' withdrawal.

■ "[A]n accused is constitutionally entitled to assistance of counsel at all critical stages of prosecution." *Liebeck v. State,* 910 S.W.2d 373, 376 (Mo.App.1995). When a defendant waives this right, he must knowingly and intelligently do so. Section 600.051.1, RSMo 2000. The waiver must be signed before and witnessed by the judge. *Id.* Appellant's "Waiver of Counsel," dated December 20, 2004 (the date of Appellant's sentencing) contains the information required by § 600.051.1(1)-(6), RSMo 2000, Appellant's signature, and the judge's signature.

■ After knowingly and intelligently waiving counsel, a defendant *"should be made aware of the dangers and disadvantages of self-representation,* so that the record will establish that 'he knows what he is doing and his choice is made with his eyes open.'" *State v. Artis,* 146 S.W.3d 460, 462 (Mo.App.2004), quoting *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). "The defendant should be given such advice on the record as is necessary to establish he or she is acting voluntarily, knowingly and intelligently in waiving counsel." *State v. Kilburn,* 941 S.W.2d 737, 739 (Mo.App.1997). "Because this is a matter of constitutional right, a simple waiver of counsel form, without a record of hearing, is insufficient." *City of St. Peters v. Hodak,* 125 S.W.3d 892, 895 (Mo.App.2004). Absent an inquiry on the record showing Defendant understood the ramification of the waiver of counsel, the imposition of jail time is unconstitutional. *Id.*

The record before us on appeal fails to support a finding that defendant knowingly and intelligently waived his right to counsel. "If the record does not disclose that the defendant's waiver of his right to counsel was a knowing and intelligent one, the presumption arises that it was not." *State v. Davis,* 934 S.W.2d 331, 334 (Mo. App.1996). It was error for the trial court to proceed without performing the required procedure on the record.

The judgment is reversed and the cause remanded with directions to the trial court to set aside Appellant's plea of guilty, and thereafter to proceed consistent with this opinion.

PARRISH and RAHMEYER, JJ., concur.