

# In the Missouri Court of Appeals
# Eastern District

## DIVISION TWO

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED103196 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| vs. | ) | |
| | ) | |
| RONALD DAVIS, | ) | Honorable Thomas J. Frawley |
| | ) | |
| Appellant, | ) | |
| | ) | FILED: September 27, 2016 |

Ronald Davis ("Appellant") appeals from his judgments for assault in the first degree, in violation of Section 565.050 (RSMo. 2000)[1], and armed criminal action, in violation of Section 571.015. Appellant wished to proceed without benefit of counsel; the trial court granted that request, but also provided standby counsel. This action brings to mind the adage, "be careful what you ask for, you might get it." Appellant represented himself at trial and the jury found him guilty of both charges. This result brings to mind another adage, "he who represents himself has a fool for a client." Appellant was sentenced as a prior and persistent offender to consecutive terms of life imprisonment. Appellant now complains that the trial court failed to make a proper determination that he knowingly and intelligently waived his right to counsel and failed to present him with the required written waiver of counsel form. We affirm.

## I. Background

---

[1] All further statutory references are to RSMo. 2000, unless otherwise indicated.

Appellant was charged by the State of Missouri ("State") with assault in the first degree and armed criminal action. On the day of his trial, Appellant asked to address the court before voir dire. Appellant stated defense counsel could not represent him because a conflict of interest existed. When asked to explain the conflict, Appellant claimed defense counsel was "an officer of the Court . . . [and her] duty is first to the Court and the public and not the client. She can't represent me, she's a corporate person, a corporate citizen. I am not." The court asked if Appellant wanted to represent himself, to which he replied, "Yes, sir, and not pro se . . . Impropa persona (sic)." Appellant then presented the court with "an averment of jurisdiction" and asked the court for a "delegation of authority." When asked what he wanted the court to do, Appellant stated, "prove who you is . . . prove who the Court is, sir." After denying Appellant's motion to discharge defense counsel for conflict of interest, the court again asked Appellant if he wanted defense counsel to represent him:

THE COURT: Do you want her to represent you?

DEFENDANT: No, I do not.

THE COURT: So you want me to discharge her as your lawyer?

DEFENDANT: I want – that's right, discharge her as my lawyer.

THE COURT: All right. Now, do you understand that if you're convicted of both of these charges you have the potential of getting two consecutive life sentences in jail?

DEFENDANT: You're going to force me to go to trial and not answer [the "delegation of authority"]?

THE COURT: I'm sorry, sir?

DEFENDANT: I said so you're going to force me to go to trial?

THE COURT: Sir, you're set for trial, you're going to go to trial.

DEFENDANT: I said so you're forcing me to go to trial?

THE COURT: I'm not forcing you to do anything, sir. It's set for trial, if you want [Defense Counsel] –

DEFENDANT: I ask you for a delegation of authority order.

. . .

THE COURT: Sir, do you want [Defense Counsel] to stand by in case you want help during this trial?

DEFENDANT: I'm asking you, you going to answer the delegation of authority?

THE COURT: Sir, this is going to be real hard unless you start answering my questions.

Appellant's lack of cooperation and repeated demands for the court's "delegation of authority" continued as the court inquired of Appellant's knowledge and understanding of his charges, range of punishment, the trial process, and the consequences of waiving his constitutional right to counsel. After determining Appellant had the capacity to make a knowing and intelligent waiver of counsel, the court granted his request to discharge counsel – without presenting a signed written waiver of counsel – but ordered defense counsel to remain available as standby counsel during the trial. This appeal follows.

## II. Discussion

In Appellant's sole point on appeal, he argues the trial court erred by discharging counsel and allowing him to represent himself *pro se* at trial because the discharge of counsel violated Appellant's right to counsel, right to due process, and right to a fair trial as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and Article I, Sections 10 and 18(a) of the Missouri Constitution in that the trial court never made a determination that Appellant knowingly and intelligently waived his right to counsel nor presented Appellant with a waiver of counsel form required under Section 600.051.

A. Standards of Review

3

Constitutional claims must be made at the first opportunity to be preserved for review. State v. Murray, 469 S.W.3d 921, 925 (Mo. App. E.D. 2015). Though no objection was made at trial, a *pro se* defendant is not expected to object to his motion to represent himself. Id. Therefore, Appellant's claim that his waiver of counsel hearing was insufficient is preserved and we review the claim *de novo*. Id. at 925-26.

Issues that were not preserved may be reviewed for plain error only, which requires the reviewing court to find that manifest injustice or a miscarriage of justice has resulted from the trial court error. State v. Baumruk, 280 S.W.3d 600, 607 (Mo. banc 2009). We first must examine whether the claim of error facially establishes substantial grounds for believing that manifest injustice or a miscarriage of justice has resulted. Id. If plain error is found, we must then determine whether the claimed error resulted in manifest injustice or a miscarriage of justice. Id. at 607-08. Appellant's claim regarding the failure to present a written waiver of counsel in compliance with Section 600.051 is unpreserved and will be reviewed only for plain error.

B. Waiver of Counsel

The Sixth and Fourteenth Amendments guarantee the right to assistance of counsel before a sentence of imprisonment may be imposed. State v. Wilkerson, 948 S.W.2d 440, 443 (Mo. App. W.D. 1997). This right, however, may be waived if the waiver is made "knowingly and intelligently." Id. Determining whether a defendant's waiver is made knowingly and intelligently depends on the particular facts of the case and considers the background, experience and conduct of the defendant. State v. Murray, 469 S.W.3d 921, 926 (Mo. App. E.D. 2015). Before granting waiver of counsel, the trial court should inquire of the defendant's capacity to make intelligent decisions, knowledge of the situation, and understanding of possible penalties.

4

Id. Further, the court must ensure that the defendant understands the rights and privileges he is waiving and the dangers associated with waiving his constitutional rights. Id.

Here, the court explicitly addressed each of these important areas of inquiry prior to granting Appellant's waiver of counsel. Regarding Appellant's capacity to make intelligent decisions, the court ascertained Appellant had obtained a GED and was able to read and write. Further, the court noted that Appellant had personally filed court documents before the court indicating he could read and write. Nothing in the record indicated Appellant was incompetent to make a knowing and intelligent waiver of counsel.

Next, the court attempted to confirm Appellant's understanding of the charges and range of punishment. The court specifically asked Appellant if he understood that he was charged with assault in the first degree and armed criminal action and that he was facing up to two consecutive life sentences in jail. However, Appellant would not respond to the court's questions, and instead replied to every question with a demand to see the court's "delegation of authority." After several unanswered questions about Appellant's understanding of the situation, Appellant did finally acknowledge his awareness that he had been charged with assault. Appellant refused to directly acknowledge his understanding of the range of punishment, despite being asked numerous times.

Further, the court thoroughly questioned Appellant's understanding of trial procedures. Appellant acknowledged he was familiar with the procedures because he had previously been through the trial process. The State also noted Appellant had represented himself in previous proceedings. When advised of the risks associated with representing himself in trial, Appellant again refused to directly respond or acknowledge the trial court's statements. Instead, Appellant stated nothing could be done until the court proved its "status" and presented a "delegation of authority." Appellant's lack of cooperation and repeated refusal to acknowledge and answer

5

pertinent questions of the waiver hearing process made it clear that any additional inquiry would be redundant and futile. Considering Appellant's background, experience, and previous involvement with criminal trial procedures, the trial court properly inquired and concluded that Appellant knowingly and intelligently waived his right to counsel.

C. Presentation of Waiver

Section 600.051 outlines the required contents of a signed waiver witnessed by the court, which the defendant must read or have read to him:

> (1) That the defendant has been charged with the offense of ………. (nature of charge must be inserted before signing); (2) That the defendant has a right to a trial on the charge and further that the defendant has a right to a trial by a jury; (3) That the maximum possible sentence on the charge is ………. imprisonment in jail and a fine in the amount of ………. dollars or by both imprisonment and fine. That the minimum possible sentence is ………. imprisonment in jail or by a fine in the amount of ………. dollars or by both such confinement and fine; (4) That the defendant is aware that any recommendations by a prosecuting attorney or other prosecuting official are not binding on the judge and that any such recommendations may or may not be accepted by judge; (5) That if defendant pleads guilty or is found guilty of the charge, the judge is most likely to impose a sentence of confinement; (6) That, if indigent, and unable to employ an attorney, the defendant has a right to request the judge to appoint counsel to assist the defendant in his defense against the charge.

This statutorily required written waiver provides "objective assurance that the defendant's waiver is knowing and voluntary." May v. State, 718 S.W.2d 495, 497 (Mo. banc 1986).

There are, however, exceptions to the written waiver requirement. The first exception eliminates the statutory requirement when a defendant has standby or hybrid counsel: "one who has 'standby' counsel or 'hybrid' counsel has the aid and assistance of an attorney and has not actually waived counsel." State v. Hunter, 840 S.W.2d 850, 860 (Mo. banc 1992). The court expressly noted that failure to obtain written waiver of counsel in these instances is not plain error. Id. The second applicable exception to the written waiver requirement is when the defendant is presented with a waiver form but refuses to sign it. May v. State, 718 S.W.2d 495,

496 (Mo. banc 1986). This exception intends to prevent "gamesmanship which might seriously interfere with trial proceedings." Id.

While the better practice would have been for the trial court to present Appellant with a written waiver of counsel document, the existence of standby counsel and Appellant's lack of cooperation throughout the pre-trial hearing created an applicable exception to the written waiver requirement. After Appellant requested discharge of his counsel, the court ordered counsel to remain available throughout the trial as standby counsel – over Appellant's objection. The court ordered that standby counsel "will remain . . . should you at any point in time request her assistance, and there will be various times where we will break and I will give you the opportunity to speak with her and get whatever assistance you think you would like to receive." Counsel's standby presence throughout the trial eliminates the requirement for a signed waiver of counsel as Appellant was instructed that standby counsel was available for aid and assistance at any point during the trial process.

Appellant's conduct throughout the pre-trial proceedings demonstrated a complete lack of cooperation, which implied a waiver of counsel:

THE COURT: Sir, do you want [Defense Counsel] to stand by?

DEFENDANT: I said I didn't want her to represent me, Your Honor.

THE COURT: I'm asking do you want her to stay with you in case you had questions?

DEFENDANT: I said I didn't want her to represent me.

THE COURT: You don't even want her in the room?

DEFENDANT: No, I don't want her to represent me. I would like you to answer the delegation of authority, sir.

THE COURT: All right.

. . .

7

DEFENDANT: I'm asking you to answer the delegation of authority, Your Honor.

THE COURT: Sir, do you understand you'll be here by yourself?

DEFENDANT: She's not with me, I'm not letting her represent me.

When asked questions about his understanding of the trial process and the consequences of waiving counsel, Appellant again replied with irrelevant requests for the court's "delegation of authority." The court's decision not to present a written waiver of counsel was excusable. It is clear that the attempted gamesmanship by Appellant was seriously interfering with the trial proceedings. Thus, the trial court did not err in failing to present the written waiver to Appellant.

Despite finding no reversible error by the trial court here, we note the importance of obtaining, or at least attempting to obtain, a written waiver of counsel for the record. While obtaining a signed waiver would have been futile in this instance, presenting the written waiver, reading the waiver language into the record and noting the defendant's refusal gives the defendant another opportunity to sign the waiver and acknowledge his understanding of his decision. If the defendant still refuses, presentation of the written waiver provides final and definitive proof regarding the defendant's decision to proceed without counsel after being fully advised.

### III. Conclusion

The judgment of the trial court is affirmed.

_____
ROY L. RICHTER, Judge

Sherri B. Sullivan, P.J., concurs
Colleen Dolan, J., concurs

8