

# In the Missouri Court of Appeals
## Eastern District

**DIVISION THREE**

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED109305 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of Warren County |
| v. | ) | |
| | ) | Honorable Richard L. Scheibe |
| EUGENE MARK SULLIVAN, JR., | ) | |
| | ) | |
| Appellant. | ) | Filed: February 15, 2022 |

Defendant Eugene Mark Sullivan, Jr., appeals from his conviction for resisting a lawful detention. Defendant accurately contends the trial court erred in allowing him to represent himself without making an adequate determination *on the record* that his waiver of counsel was knowingly and intelligently made. We therefore reverse and remand.

### *Factual and Procedural Background*

The State charged Defendant with one count of resisting a lawful detention under Section 575.150 RSMo. The Public Defender's Office denied Defendant's request for legal assistance. Defendant then signed a waiver of right to counsel form. A period of discovery and continuances ensued, as well as transfer of the case to circuit court, per Defendant's request.

The circuit court held a pre-trial conference, five weeks prior to the trial date. Defendant appeared in person, without counsel. The docket sheet entry from the conference notes that "Perils

of Self-representation" were given.  There is no transcript from that conference, and the record does not indicate that the conference was recorded or transcribed.

Defendant appeared on the day of trial, without counsel.  Upon the circuit court calling the case, the following exchange took place between the court and Defendant, regarding Defendant representing himself at trial:

THE COURT: This is Friday February 21st, and the case is State versus Eugene Sullivan…. State is present by Mr. Freie.  Defendant is present unrepresented.  Mr. Sullivan, I have, I think, talked to you several times about representing yourself, and you have maintained that you wanted to do that.  Is that still your intent today?

MR. SULLIVAN: Your honor, I did not qualify for public defender, so, unfortunately, I don't have a choice.  I would much rather be represented, but I did not qualify, and I can't afford an attorney.

THE COURT: Will, I think you did in the past fill out a waiver of counsel.  Like I said, I am just saying is that what you are still intending to do, proceed to trial?

MR. SULLIVAN: If I have no other choice, yes, Your Honor.

THE COURT: Well, the public defender did turn you down.  You do have the option of hiring an attorney, and the third option is representing yourself.

MR. SULLIVAN: Yes, Your Honor.

THE COURT: Are you doing the third option?

MR. SULLIVAN: Yes, Your Honor.

THE COURT: Okay.  Very good….

Trial proceeded, and the jury found Defendant guilty as charged. The circuit court sentenced Defendant to thirty days in jail. This appeal follows.[1]

## *Discussion*

The Sixth Amendment to the United States Constitution guarantees that a person brought to trial must be afforded the right to the assistance of counsel before they can be validly convicted and punished by imprisonment.[2] *Faretta v. California*, 422 U.S. 806, 807 (1975); *State v. Davis*, 507 S.W.3d 41, 44 (Mo. App. E.D. 2016). The constitutional right to counsel extends to all offenses for which imprisonment may be imposed, including misdemeanors such as charged in this case. *City of St. Peters v. Hodak*, 125 S.W.3d 892, 894 (Mo. App. E.D. 2004)(citing *Argersinger v. Hamlin*, 407 U.S. 25, 39 (1972)). The constitutional right to counsel implicitly embodies a correlative right of the accused to forego counsel and represent him or herself *pro se*. *State v. Davis*, 580 S.W.3d 26, 32 (Mo. App. E.D. 2019); *State v. Murray*, 469 S.W.3d 921, 926 (Mo. App. E.D. 2015)(both citing *Faretta*, 422 U.S. at 814). For a waiver of counsel to be effective, however, due process requires that the waiver be made knowingly and intelligently. *State v. Hunter*, 840 S.W.2d 850, 857 (Mo. banc 1992)(citing *Faretta*, 422 U.S. at 835). "Absent a knowing and intelligent waiver, no person may be imprisoned unless he was represented by counsel at trial." *State v. Watson*, 687 S.W.2d 667, 669 (Mo. App. E.D. 1985)(citing *Argersinger*, 407 U.S. at 37). An accused who manages their own defense relinquishes many of the traditional benefits associated with the right to counsel. *State v. Leonard*, 490 S.W.3d 730, 739 (Mo. App. W.D. 2016)(quoting *Faretta*, 422 U.S. at 835). For this reason, in order for an accused to represent themselves, the accused must knowingly and intelligently forgo those relinquished benefits. *Id.*

---

[1] Defendant has posted an appeal bond.

[2] The Sixth Amendment right to counsel applies to the states through the Due Process Clause of the Fourteenth Amendment of the United States Constitution. *State v. Black*, 223 S.W.3d 149, 153 (Mo. banc 2007)(citing *Faretta*, 422 U.S. at 836).

A trial court has a duty to determine whether a knowing and intelligent waiver has been made. *Watson*, 687 S.W.2d at 669 (citing *Von Moltke v. Gillies*, 332 U.S. 708, 723-24 (1948); *State v. Wilson*, 816 S.W.2d 301, 305-6 (Mo. App. S.D. 1991). "'The constitutional right of an accused to be represented by counsel invokes, of itself, the protection of a trial court, in which the accused-whose life or liberty is at stake-is without counsel.'" *Watson*, 687 S.W.2d at 669 (quoting *Von Moltke*, 332 U.S. at 423-24)). "'This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused.'" *Id*. To discharge this duty properly in light of the strong presumption against waiver of the constitutional right to counsel, the trial court should conduct a "penetrating and comprehensive examination," and must investigate as long and as thoroughly as the circumstances of the case before the court demand. *Id*.; *accord*, *Hodak*, at 894; *State v. Davis*, 934 S.W.2d 331, 334 (Mo. App. E.D. 1996). The fact that an accused may tell the trial court that they are informed of their right to counsel and desires to waive this right does not automatically end the court's responsibility. *Watson*, 687 S.W.2d at 669 (quoting *Von Moltke*, 332 U.S. at 423-24).

Missouri has two requirements that must be satisfied before the trial court can conclude that an accused has effectively waived the right to counsel. *State v. Ndon*, 583 S.W.3d 145, 154 (Mo. App. W.D. 2019). First, the accused must be given the opportunity to sign the written waiver-of-counsel form mandated by Section 600.051 RSMo. *Id*. Second, there must be a thorough evidentiary hearing that establishes that the accused understands exactly what rights and privileges they are waiving, as well as the dangers associated with waiving constitutional rights. *Id*.

No rigid procedure or specific litany is required for apprising an accused of the difficulty and dangers of self-representation. *Id*. Nonetheless, the accused should be apprised in terms sufficient to enable him to make an intelligent decision. *Davis*, 934 S.W.2d at 334. Although an

4

accused need not themselves have the skill and experience of a lawyer in order to competently and intelligently choose self-representation, the accused should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that the accused knows what they are doing and that their choice is made with "eyes open." *Leonard*, 490 S.W.3d at 739 (quoting *Faretta*, 422 U.S. at 835).

Prior decisions from this Court provide guidance as to areas of inquiry that the trial court should explore, to ensure an accused's waiver is knowing and intelligent. *Murray*, 469 S.W.3d at 927. In Missouri, an accused's waiver is not knowing and intelligent unless the court timely informs him "as to the nature of the charges against him, potential sentences if convicted of the offenses, potential defenses he can offer, the nature of the trial proceedings … and the dangers of proceeding *pro se*." *State v. Black*, 223 S.W.3d 149, 154 (Mo. banc 2007). The trial court should inquire into the accused's capacity to make an intelligent decision and the accused's knowledge of their own situation. *Davis*, 934 S.W.2d at 334 (Mo. App. 1996); *Murray*, 469 S.W.3d at 927. The trial court should advise the accused of the dangers and disadvantages of self-representation. *Davis*, 934 S.W.2d at 334; *State v. Wilkerson*, 948 S.W.2d 440, 445 (Mo. App. W.D. 1997). The trial court should ensure that the accused understands exactly what rights and privileges they are waiving and the dangers associated with waiving constitutional rights. *Murray*, 469 S.W.3d at 927. The trial court should make the accused aware that, in spite of their efforts, they cannot afterwards claim inadequacy of representation. *Davis*, 934 S.W.2d at 334.

Further, and critically here, it is essential that a record be made reflecting that the accused was apprised of the difficulties of self-representation in terms sufficient to enable the accused to intelligently decide which course to follow. *Wilson*, 816 S.W.2d at 307. The court's duty to the accused is not extinguished merely by the signing of a waiver-of-counsel form. *Hodak*, 125

S.W.3d at 895. "Because this is a matter of constitutional right, a simple waiver-of-counsel form, without a record of hearing, is insufficient." *Id*.; *State v. Johnson*, 172 S.W.3d 900, 902 (Mo. App. S.D. 2005). The determination that an accused has made a knowledgeable and intelligent waiver of the right to assistance of counsel must be based upon inquiry conducted ***on the record*** so there is evidence the accused understood the ramifications of the waiver and that the accused acted knowingly and intelligently in waiving counsel. *Hodak*, 125 S.W.3d at 894-95; *Johnson*, 172 S.W.3d at 902; *State v. Schnelle*, 924 S.W.2d 292, 298 (Mo. App. W.D. 1996).

The record here is devoid of the trial court's inquiry into Defendant's waiver. The docket sheets from the circuit court show that the "Perils of Self-Representation" were given to Defendant at a pre-trial conference. And according to the conversation between the circuit court and Defendant on the day of trial, the circuit court had talked with Defendant "several times" about representing himself. However, neither those conversations nor the "Perils of Self-Representation" reportedly given to Defendant at the pre-trial conference are on the record, such that we can determine whether Defendant knowingly and intelligently understood the ramifications of his waiver of counsel.[3] We cannot and do not know what the circuit court discussed with Defendant. We cannot and do not know what inquiry was made by the circuit court. We cannot and do not know if the circuit court informed Defendant of the nature or elements of the charge against him, the elements of the charged offense, the potential penalties if convicted, the possible defenses Defendant may have, or the nature of the trial proceedings. We cannot and do not know if the circuit court informed Defendant of the dangers and disadvantages of self-representation.

---

[3] No transcript of the pre-trial conference has been provided to this Court, and there is no indication in the record that the conference was recorded. Defendant, as appellant, carries the burden of showing trial-court error, and is charged with providing a record on appeal that contains all of the record, proceedings and evidence necessary to the determination of all questions presented for decision. Rule 81.12(a). But the State has the burden of showing from the record that an accused intelligently and understandingly waived the assistance of counsel. *State v. Watson*, 687 S.W.2d 667, 670 (Mo. App. E.D. 1985); *State v. Kunonga*, 490 S.W.3d 746, 760 (Mo. App. W.D. 2016). Neither party has produced a transcript of the pre-trial conference.

While "Perils of Self-Representation" were reportedly given, we cannot and do not know what exactly those were. Critically, we cannot and do not know Defendant's responses to any inquiry conducted by the circuit court. We cannot and do not know Defendant's understanding of what rights and privileges he was waiving, as well as his understanding of the dangers associated with waiving constitutional rights. We cannot and do not know Defendant's understanding of the ramifications of waiving right to counsel. The circuit court may have conducted a penetrating and comprehensive examination, and determined that Defendant was knowingly and intelligently waiving his right to counsel, but the court should have conducted that examination and determination *on the record*. To find a valid waiver here, we would have to presume what was said between the circuit court and Defendant. That would be going too far. "We will not presume acquiescence in the deprivation of such a fundamental right, nor will waiver be presumed from the echoes of a silent record…." *Watson*, 687 S.W.2d at 670.

The State has the burden to prove that a waiver of counsel is valid and that the accused waived his right to counsel with a clear understanding of his rights and the consequences. *Id.*; *Hodak*, 125 S.W.3d at 895. The State has not met its burden here because the circuit court failed to conduct an inquiry on the record. *Hodak*, 125 S.W.3d at 895; *Schnelle*, 924 S.W.2d at 298.

We find unavailing the State's argument that the record in this case is sufficient to support a finding of valid waiver. The State argues that the background, experiences, and conduct of Defendant can establish an effective waiver of counsel in this case. Specifically, the State argues this Court should find a valid waiver because Defendant waived his right to counsel in writing, because Defendant was given the perils of self-representation, and because of Defendant's familiarity with judicial system. The State notes Defendant has two prior convictions, one of which was for resisting arrest, the same charge in this case. The State further notes Defendant

7

filed multiple motions that cited law and possible defenses, and that he made objections, called a witness, and moved for judgment of acquittal at trial. All this, the State argues, shows Defendant's familiarity with court procedure.

The State relies, rather heavily, on the fact that Defendant filed documents and cited law. We acknowledge the *Davis* case, cited by the State, wherein the appellate court referenced an accused's familiarity with court procedures as relevant background in assessing the validity of an accused's waiver of counsel. *Davis*, 507 S.W.3d at 45. As discussed more fully below, critical differences exist between *Davis* and this case. Moreover, it is important to remember, however, that an accused's "technical legal knowledge" is "not relevant to an assessment of his knowing exercise of the right to defend himself." *Faretta*, 422 U.S. at 836; *see also Godinez v. Moran*, 509 U.S. 389, 399 (1993). The competence that is required of an accused seeking to waive their right to counsel is "the competence to *waive the right*, not the competence to represent himself." *Godinez*, 509 U.S. at 399. "[T]he right to waive counsel is the right knowingly to proceed in ignorance ... into the labyrinth of the law without the assistance of a trained guide." *State v. Shafer*, 969 S.W.2d 719, 728-29 (Mo. banc 1998).

The State relies on a trio of cases – *Hunter*, *Ndon*, and *Davis* – for the propositions that an accused's knowledge of relevant facts need not appear in the trial record to support a finding that waiver of counsel was proper, and that the validity of an accused's waiver depends on the particular facts and circumstances in the case, including the background, experience, and conduct of the accused. *State v. Hunter*, 840 S.W.2d 850 (Mo. banc 1992); *State v. Ndon*, 583 S.W.3d 145 (Mo. App. W.D. 2019); *State v. Davis*, 507 S.W.3d 41 (Mo. App. E.D. 2016). We acknowledge these cases, and reaffirm these underlying principles. Application of those principles here, however, does not result in a finding of a valid waiver, as it did in *Hunter*, *Ndon,* and *Davis*. Two critical,

8

interrelated differences exist between those cases and the case at hand. First, the record in those cases was vastly more developed than the one here. Second, the trial court in each case held an inquiry *on the record* and explicitly addressed each of the areas of inquiry relevant to the accused's knowing and intelligent waiver prior to granting the waiver of counsel. Thus, a record existed of the court's inquiry and cautionary advisements, as well as the accused's responses and understandings. Such is not the case here.

*Hunter* instructs that the entire record should be considered in determining if there was a valid waiver of counsel, not just an isolated question and answer. *Hunter*, 840 S.W.2d at 858. The accused in that case challenged the thoroughness of the court's examination, pointing to what was said just before the waiver of counsel was permitted. *Id*. The *Hunter* court rejected this claim and found that the accused knowingly and voluntarily waived right to counsel. *Id.* at 858-59. In so holding, the Court noted that a broad inquiry is necessary to a fair assessment of whether an accused knew and appreciated what they were doing when they waived their right to counsel. *Id.* at 858. The Court further noted that if the particular, isolated question and answer relied upon by the accused had constituted the entire record, then the accused's argument may have been persuasive. *Id.* But the court had the benefit of a record that involved hearings on two separate dates, a transcript of over one-hundred pages, and several psychiatric and psychological reports. *Id*. From the entire record, it was apparent that the accused at all times understood the charges, the range of punishment, and his right to representation. The record also showed that the accused had been informed of lesser-included offenses, the possibility of punishment for those offenses, and possible defenses. The record showed that the accused understood his rights and the choices being made. *Id.* at 858-59. We have no such record in this case necessary to assess Defendant's waiver of his right to counsel.

9

As noted, the trial court in each of the three cases held an inquiry *on the record* and explicitly addressed the important areas of inquiry prior to granting the accused's waiver of counsel. The accused in *Ndon* and *Davis*, however, were not cooperative and refused to answer or respond to a number of the court's questions. In addressing a challenge to the thoroughness of the court's inquiry and assessing the validity of the accused's waiver of counsel, the *Ndon* and *Davis* courts found that the trial court's inquiry in each case was sufficiently thorough, reasoning that any additional inquiry would have been redundant and futile in light of the accused's lack of cooperation, their nonresponsive statements, and refusal to answer the court's questions. *Ndon*, 583 S.W.3d at 155; *Davis*, 507 S.W.3d at 45. The *Ndon* court then held the record contained ample evidence, including multiple hearings before the trial court in which inquiries were made and cautions given by the court, that showed the accused's right to counsel was knowingly and intelligently made. *Ndon*, 583 S.W.3d at 155. The *Davis* court held that considering the accused's background, experience, and previous involvement with criminal trial procedures, the trial court properly concluded that the accused had knowingly and intelligently waived his right to counsel. *Davis*, 507 S.W.3d at 45.

*Ndon* and *Davis* may stand for the proposition that an accused's knowledge of relevant facts need not appear in the trial record to support a finding that waiver of counsel was proper, and that the validity of an accused's waiver depends on the particular facts and circumstances in the case, including the background, experience, and conduct of the accused. But the court in those cases conducted an extensive inquiry *on the record*, and was met with an uncooperative accused. Nonetheless, the record was sufficiently developed to adequately assess the accused's waiver. That is simply not the case here. We have no record of the court's inquiry, and no record of Defendant's understanding of the ramifications of his waiver of counsel. The record here is

10

insufficient to support a finding that Defendant knowingly and intelligently waived his right to counsel. The State cites no case where the court has found a valid, knowing and intelligent waiver of counsel in the absence of an inquiry on the record.

Defendant did not include this matter in his motion for new trial. Consequently, as Defendant acknowledges, his allegation of trial-court error is not properly preserved for our review. Rule 29.11; *Davis*, 580 S.W.3d at 32. Our review, therefore, is for plain error under Rule 30.20. [4] *Davis*, 580 S.W.3d at 32. Under plain-error review, we will reverse only if plain error affecting substantial rights results in manifest injustice or a miscarriage of justice. *Id*. We review for plain error using a two-step analysis. First, we determine whether the record facially establishes substantial grounds to believe plain error occurred. *Id*. Plain error is error that is evident, obvious, and clear. *Id*. Second, if plain error has occurred, we then consider whether the error actually resulted in manifest injustice or a miscarriage of justice. *Id*.

The error here was evident, obvious, and clear. The trial court's failure to hold an inquiry on the record constituted plain error. *Davis*, 934 S.W.2d at 335; *Hodak*, 125 S.W.3d at 894-95; *Schnelle*, 924 S.W.2d at 296 n.3; *see also Johnson*, 172 S.W.3d at 902. That error necessarily resulted in a manifest injustice and miscarriage of justice. The right to counsel, by its nature, inherently affects the entirety of a trial. *State v. Kunonga*, 490 S.W.3d 746, 766-67 (Mo. App. W.D. 2016). The "'right to counsel is so basic to a fair trial that [its] infraction can never be treated as harmless error.'" *Davis*, 934 S.W.2d at 335 (quoting *Penson v. Ohio*, 488 U.S. 75, 88 (1988)). A demonstrated violation sustains an accused's burden to prove the manifest injustice or

---

[4] We acknowledge this Court has excused an accused's failure to raise his constitutional claim in a motion for new trial, and then reviewed *de novo* the accused's claim that the waiver of counsel hearing was inadequate. *Ndon* 583 S.W.3d at 153; *see also Murray*, 469 S.W.3d at 925-26. We need not harmonize or resolve the different approaches. We would reach the same result under a *de novo* standard of review as we do under plain-error review.

miscarriage of justice required by the second step of plain-error review. *Kunonga*, 490 S.W.3d at 770; *Davis*, 934 S.W.2d at 334-35.

"The trial court is charged with the function of assuring that the [accused's] waiver of counsel is made knowingly and intelligently and that the record is complete so as to reflect that waiver." *Watson*, 687 S.W.2d at 669-70. If the record does not disclose that the accused's waiver of their right to counsel was a knowing and intelligent one, the presumption arises that it was not. *Davis*, 934 S.W.2d at 334; *Johnson*, 172 S.W.3d at 902. The record in this case is insufficient. A simple waiver-of-counsel form without a record of a hearing is insufficient. Accordingly, we presume Defendant's waiver of his right to counsel was not a knowing and intelligent one. Further, without an inquiry on the record showing Defendant understood the ramifications of the waiver of his right to counsel, the imposition of jail time here was unconstitutional. *Hodak*, 125 S.W.3d at 895; *Johnson*, 172 S.W.3d at 902. Accordingly, we reverse Defendant's conviction and remand the cause to the trial court for further proceedings consistent with this opinion.

_____
Angela T. Quigless, Judge

Philip M. Hess, P.J. and
Colleen Dolan, J., concur.

12