

# In the Missouri Court of Appeals
## Western District

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| Respondent, | ) | WD84753 |
| v. | ) | |
| | ) | |
| JACOB EDWARD MASTERS, | ) | FILED: September 6, 2022 |
| Appellant. | ) | |

## APPEAL FROM THE CIRCUIT COURT OF PETTIS COUNTY
### THE HONORABLE ROBERT L. KOFFMAN, JUDGE

### BEFORE DIVISION THREE: CYNTHIA L. MARTIN, PRESIDING JUDGE,
### LISA WHITE HARDWICK, AND W. DOUGLAS THOMSON, JUDGES

Jacob Masters appeals his convictions of driving while intoxicated and driving while revoked. He contends the circuit court erred in finding that he knowingly, voluntarily, and intelligently waived his right to counsel. For reasons explained herein, we reverse his convictions and remand the case for a new trial consistent with our ruling.

### FACTUAL AND PROCEDURAL HISTORY

After Masters operated a motor vehicle under the influence of alcohol on March 16, 2020, the State charged him with driving while intoxicated and driving while revoked. Masters was initially represented by attorney Kenneth Dake. During a pretrial hearing held approximately two weeks before trial, Dake asked for leave to

withdraw from the case because Masters had informed Dake that he wanted to represent himself. Dake explained that Masters had a "trust issue" with him and that it would be difficult to continue representing Masters.

The court and Masters then had the following colloquy:

> THE COURT: Mr. Masters, I have to make a record for the Court of Appeals about the voluntariness of your request to get rid of your counsel. You don't know anything about the rules of evidence by education; is that correct?
>
> [MASTERS]: I don't understand any of that that you just said.
>
> THE COURT: Okay. Do you know anything about the Missouri Rules of Evidence? Try it that way.
>
> [MASTERS]: Is it in the constitutional rights?
>
> THE COURT: No. It's in the Supreme Court Rule book. Do you know anything about it?
>
> [MASTERS]: Supreme Court Rules? Is this [the] Supreme Court?
>
> THE COURT: No. This is a Circuit Court. The Supreme Court sets the rules on how the trial should take place.
>
> [MASTERS]: Okay. Okay.
>
> THE COURT: Do you have any knowledge on how those rules are used?
>
> [MASTERS]: Absolutely not.
>
> THE COURT: And the rules of evidence, do you know how to apply those to questions and answers before the Court?
>
> [MASTERS]: No.
>
> THE COURT: Okay. You understand it's not in your best interest to represent yourself and not know those rules? You will be at a disadvantage with the State; do you understand that?

[MASTERS]:  Yes, sir.

THE COURT:  Do you also understand it's the Court's obligation to enforce the rules for both sides?  Do you understand that?

[MASTERS]:  As long as I'm the only one affected by it, then I'm cool with that.  I don't agree with all this other bullshit.

THE COURT:  All right.  I've indicated to you that it's not in your best interest to represent yourself in this case.  It's my observation that anybody that does that is like a surgeon who does surgery on himself.  So you're at a disadvantage when you sit in here.  And I'm willing to let you do that, but I want you to do it open – with your eyes wide open and voluntarily.  Nobody is forcing you to do this, correct?

[MASTERS]:  I would say yeah, the whole system, yes.

THE COURT:  All right.

[MASTERS]:  The pressure, yes.

THE COURT:  All right.  Knowing these things, are you still asking that Mr. Dake be removed from your case?

[MASTERS]:  Yes, sir.

THE COURT:  Do you understand that if you lose the lawsuit and you get convicted and you're punished, that you'll be hard-pressed to say that this Court should have forced a lawyer on you?  That will not work with the Court of Appeals; do you understand that?

[MASTERS]:  You said a lawsuit?

THE COURT:  This is all lawsuits.  All of these are lawsuits.

[MASTERS]:  Okay.  This is a criminal charge.

THE COURT:  Yeah, but it's a lawsuit.

[MASTERS]:  Okay.  Okay.  Repeat the question.

3

THE COURT:  You understand if you get convicted after a jury trial, and you go to the Court of Appeals and say, this Court should have forced an attorney on you, that will not be accepted by the Court of Appeals?

[MASTERS]: Those words will never come out of my mouth, so –

THE COURT:  Well, they come out of a lot of defendants who have represented themselves before you, that's why I'm bringing it up now.

[MASTERS]:  Okay.  Okay.

THE COURT:  So that you know is why I asked.  All right.  No one is forcing you to do this; is that correct?

[MASTERS]:  Yes, sir.

THE COURT:  The Court then grants the request.  Mr. Dake, you're allowed to withdraw from the case.

After this exchange between the court and Masters, the State questioned whether, based on "the events that have led up to this and some other cases that [Masters has] resolved, as well as the events from the past week or so,"[1] Masters needed to undergo an examination to determine if he suffered from a mental disease or defect that affected his competency.  The court asked Masters, "Do you claim to have a mental disease or defect which prevents you from understanding what you're doing?"  Masters responded, "I don't know.  I'm not a doctor, sir."  The State then objected to Dake's withdrawal and asserted that Masters needed to be represented to have his rights protected.  The court agreed with the State's assertion but stated, "[Masters]'s chosen not to [be represented].  He's on his own."

---

[1] The State did not indicate what those "events" were.

4

Following the trial, the jury found Masters guilty of both charges. Masters filed a *pro se* motion for new trial in which he informed the court that, before the trial, he had checked himself into a psychiatric unit at a local hospital, where he was "diagnosed with bipolar and numerous other problems" he could not remember. Masters further stated, "I should have never represented myself during trial." He asked the court to give Dake a chance to correct his "incompetence." The court denied the motion for new trial. The court sentenced Masters as a prior and persistent offender to two years in prison for driving while intoxicated and imposed a $50 fine for driving while revoked. Masters appeals.

## STANDARD OF REVIEW

Masters asserts that, in allowing him to represent himself, the circuit court violated both his constitutional rights and Section 600.051,[2] which requires that a defendant sign a written waiver containing specific information relevant to the defendant's decision to proceed without counsel. While Masters asserted in his motion for new trial that he had mental health issues and should not have represented himself at trial, he did not specifically allege the constitutional or statutory violations in the motion or at trial. "Constitutional claims must be made at the first opportunity to be preserved for review." *State v. Davis*, 507 S.W.3d 41, 44 (Mo. App. 2016). However, "a self-represented defendant's failure to object at trial regarding the knowing, voluntary, and intelligent nature of his waiver of the right to

---

[2] All statutory references are to the Revised Statutes of Missouri 2016.

5

counsel is generally excused." *State v. Kunonga*, 490 S.W.3d 746, 759 (Mo. App. 2016). This is because a *pro se* defendant "cannot be expected to object that a waiver-of-counsel was not voluntary because of alleged inadequacies in an on-the-record inquiry designed to determine whether [the] waiver is knowing, voluntary, and intelligent." *Id.* (citing *State v. Murray*, 469 S.W.3d 921, 925 (Mo. App. 2015)). Thus, we review a claim that the waiver of counsel hearing was inadequate *de novo*. *Davis*, 507 S.W.3d at 44.

This rule does not apply to Masters's claim that the court violated Section 600.051 by not obtaining a written waiver of counsel. *Kunonga*, 490 S.W.3d at 759. "There is no rational basis for excusing" a *pro se* defendant's failure to timely raise the court's alleged non-compliance with Section 600.051. *Id.* Such a claim is unpreserved and will be reviewed only for plain error. *Id.* at 759-60. To be entitled to plain error relief, the alleged error must be "evident, obvious, and clear" and must have resulted "in manifest injustice or a miscarriage of justice." *Id.* at 760 (citations omitted).

A violation of Section 600.051 constitutes evident, obvious, and clear error because Section 600.051 "protects a fundamental constitutional right, and compliance with [the statute] is essential to the State's ability to sustain its burden to establish a waiver of counsel." *State v. Floyd*, 635 S.W.3d 593, 597 n.4 (Mo. App. 2021) (quoting *Kunonga*, 490 S.W.3d at 761). Additionally, a violation of Section 600.051 constitutes a manifest injustice or miscarriage of justice "because a violation of the right to counsel is structural error that is presumed to infect the entirety of a

6

trial." *Id.* (quoting *Kunonga*, 490 S.W.3d at 761). In *Kunonga*, we explained that "the State can overcome the existence of a manifest injustice or miscarriage of justice by objectively demonstrating that the violation of section 600.051 had no impact on a defendant's knowing, voluntary, and intelligent waiver of counsel." 490 S.W.3d at 761. This is not an issue here, as the State concedes that Masters is entitled to both plain error review and plain error relief.

## ANALYSIS

"The Sixth Amendment right to counsel 'implicitly embodies a correlative right to dispense with a lawyer's help.'" *Murray*, 469 S.W.3d at 926 (quoting *Faretta v. California*, 422 U.S. 806, 814 (1975)). "This right applies to the states through the Due Process Clause of the Fourteenth Amendment." *Id.* The circuit court "has no discretion to force an attorney upon a defendant who validly waives the right to counsel." *Id.* Nevertheless, "[f]or a waiver of counsel to be effective, due process requires that the waiver be made knowingly and intelligently." *State v. Hunter*, 840 S.W.2d 850, 857 (Mo. banc 1992) (citing *Faretta*, 422 U.S. at 835).

Missouri has two requirements that must be satisfied before the circuit court can conclude that a defendant has effectively waived the right to counsel. *Kunonga*, 490 S.W.3d at 764. First, "[t]here must be a 'thorough *Faretta* evidentiary hearing' that establishes that 'the defendant understands exactly what rights and privileges he is waiving, as well as the dangers associated with waiving constitutional rights.'" *Id.* (quoting *State v. Black*, 223 S.W.3d 149, 155-56 (Mo. banc 2007)).

7

Second, the defendant must be given the opportunity to sign the written waiver of counsel mandated by Section 600.051. *Id.* at 764-65.

While there is "no specific litany required for a *Faretta* hearing," *Kunonga*, 490 S.W.3d at 763, for a defendant to knowingly and intelligently waive counsel, he must be advised of the nature of the charges, the potential sentences if convicted, potential defenses to the charges, the nature of the trial proceedings, that he will have to proceed *pro se* if he refuses counsel, and the dangers of proceeding *pro se*. *Black*, 223 S.W.3d at 154. In this case, the circuit court advised Masters somewhat of the nature of the trial proceedings and of the dangers of proceeding *pro se*, but the court did not inform him of the nature of the charges against him, the potential sentences he was facing if convicted, and any potential defenses to the charges. Moreover, there is nothing in the record indicating that Masters was provided with, and given the opportunity to sign, the written waiver of counsel required by Section 600.051. By not conducting a sufficient *Faretta* hearing and not providing Masters the opportunity to sign the written waiver of counsel, the circuit court failed to ensure that Masters's waiver of counsel was knowing and intelligent. Therefore, we must reverse Masters's convictions and remand the case for a new trial. Point granted.

**CONCLUSION**

The judgment is reversed, and the case is remanded for a new trial consistent with our ruling.

_____
LISA WHITE HARDWICK, JUDGE

ALL CONCUR.